IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TOWNSHIP OF HAMPTON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 18-475 |
| | ) Judge Nora Barry Fischer |
| YING C. CHUANG, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM ORDER

AND NOW, this 16th day of April, 2018, upon consideration of the Notice of Removal filed by Defendant Ying C. Chuang, (Docket No. [1]), wherein he has attempted to remove a "Complaint in Equity" filed by Plaintiff Township of Hampton against him in the Court of Common Pleas of Allegheny County,

IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Court of Common Pleas of Allegheny County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED and serve a certified copy of this Order on the Prothonotary for the Court of Common Pleas of Allegheny County, forthwith.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must remand the

case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Defendant, as the removing party asserting that the Court has jurisdiction over this case, bears the burden of establishing same. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

Defendant purports to remove this equitable action seeking to enforce local ordinance violations and to direct Defendant to comply with said ordinances and demolish the dilapidated building on its property pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of alleged diversity jurisdiction of the parties under 28 U.S.C. § 1332(a). "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). To this end, Defendant alleges that the parties are diverse based on the Township's citizenship in the Commonwealth of Pennsylvania and his own citizenship of the Commonwealth of Massachusetts. (Docket No. 1). For purposes of this Order, the Court accepts the assertion that the parties are diverse. However, in this Court's estimation, Defendant has failed to demonstrate that the amount in controversy in this equitable action exceeds the jurisdictional requirement of $75,000. *See* 28 U.S.C. § 1332(a).

In this regard, Defendant maintains that the amount in controversy is $250,000 which is the Allegheny County assessed value of the building that the Township is directing it to demolish for the ordinance violations. (Docket No. 1). The Court doubts that this is the fair market value of the building given that the County's assessed values are based on a 2012 county-wide reassessment and such measure also does not account for the recent damage sustained by the property laid out by the Township in its Complaint and the attached violation notices including a gaping hole in the

roof of the building, theft of all of the copper pipes, graffiti and other damage caused by vandals, among other things. (Docket No. 1-1). More importantly, however, is that the value of the property to the Defendant is an improper measure of the amount in controversy in this type of equitable action. Recently, the U.S. District Court for the Eastern District of Pennsylvania set forth the relevant standards:

> [w]here the Complaint seeks only injunctive relief, the amount is controversy "is often not readily determinable" and must be determined by the "'value of the object of the litigation,'" which is the "value of the rights which the plaintiff seeks to protect." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539, 541 (3d Cir. 1995) (quoting *Hunt v. Washington Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)) (additional citation omitted); *see also Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (stating that the amount in controversy must be based on "a reasonable reading of the value of the rights being litigated" (citations omitted)). In valuing those rights, the proper measure is the "monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *see also Schuylkill Twp. v. CitySwitch, LLC*, Civ. A. No. 08-5681, 2009 WL 2018531, at *4 (E.D. Pa. 2009) ("[T]he value of equitable relief must be determined from the viewpoint of the plaintiff rather than the defendant.'" (quoting *Pierson v. Source Perrier, S.A.*, 848 F. Supp. 1186, 1189 (E.D. Pa. 1994) (additional citation omitted))). At the same time, "we will not ordinarily consider ... speculative arguments in determining the amount in controversy." *Columbia Gas*, 62 F.3d at 543 (citing *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972), and *Healy v. Ratta*, 292 U.S. 263, 267 (1934)).

*Abington Twp. v. Crown Castle NG E. LLC*, No. CV 16-5357, 2017 WL 57142, at *3 (E.D. Pa. Jan. 5, 2017). As here, when the Township is seeking to enforce its ordinances for the purposes of protecting the safety, health and welfare, "'the value of enforcing the law evades easy quantification and does not easily reduce to a dollar amount … [such that] … jurisdiction cannot be predicated on 28 U.S.C. § 1332.'" *Id.* (quoting *CitySwitch*, 2009 WL 2018531, at *4). Moreover, the costs of a Defendant to comply with an injunction are also not an appropriate

3

measure of amount in controversy for diversity purposes. *See e.g., id.*; City of Greensburg v. Maydak, Civ. A. No. 15-480, 2015 WL 1860108, at *1 (W.D. Pa. Apr. 22, 2015) (McVerry, J.) (rejecting costs of demolition and replacement of house as amount in controversy).

For all of these reasons, Defendant has failed to meet its burden to demonstrate that removal of this action is appropriate based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Accordingly, this matter is remanded to the Court of Common Pleas for all further proceedings.

BY THE COURT:

*s/Nora Barry Fischer*_____
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.

Prothonotary, Court of Common Pleas of Allegheny County